## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Adversary Title :** | Santos et al v. BAC Home Loans Servicing, LP et al | **Case No :** | 09−33746 − A − 13 |
| | | **Adv No :** | 13−02346 − A |
| | | **Date :** | 1/6/14 |
| | | **Time :** | 10:00 |
| **Matter :** | [8] – Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [NLG−1] Filed by Defendants BAC Home Loans Servicing, LP, Seterus, Inc. (jlns) | | OPPOSED |
| **Judge :** | Michael S. McManus | | |
| **Courtroom Deputy :** | Sarah Head | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Defendant's Attorney – Nichole L. Glowin
**Respondent(s) :**
   Plaintiff's Attorney – Peter G. Macaluso

MOTION was :
Granted in part
Denied in part
See final ruling below.

ORDER TO BE PREPARED BY :    Movant(s)

Final Ruling: The motion will be granted in part and denied in part.

Defendants BAC Home Loans Servicing and Seterus, Inc., seek dismissal of all the claims in the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The plaintiffs, Arsenio and Martha Santos, the debtors in the underlying chapter 13 bankruptcy case, oppose the motion.

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1057 (E.D. Cal. 2010) (citing Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)(as amended)).

"In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief." See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120−21 (9th Cir. 2007); see also Schwarzer, Tashmina & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, § 9.187, p. 9−46, 9−47 (The Rutter Group 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts

that are merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Citations omitted).

"In sum, for a complaint to survive a motion to dismiss, the non–conclusory factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal at 678).

More recently, the Supreme Court has applied a "two–pronged approach" to address a motion to dismiss:

"First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not show[n]'– that the pleader is entitled to relief.'

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well–pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (Citations omitted).

"A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Further, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); S&S Logging Co. v. Barker, 366 F.2d 617, 622 (9th Cir. 1966). If either party introduces evidence outside of the challenged pleading, a court may bring the conversion provision (Rule 12(d) – converting motion to dismiss into motion for summary judgment) into operation. Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 548–549 (9th Cir. 1998).

The subject complaint contains six causes of action:

(1) a request for declaratory relief that the plaintiffs met the requirements of the Troubled Asset Relief Program's Home Affordable Modification Program,

(2) breach of the trial period plan agreement with Seterus,

(3) breach of the servicer participant agreement with BAC Home Loans Servicing,

(4) promissory estoppel,

(5) breach of the implied covenant of good faith and fair dealing, and

(6) violations of Cal. Bus. & Prof. Code §§ 17200, et seq.

The basic dispute in this proceeding is whether the plaintiffs satisfied the requirements for a loan modification and whether the defendants were required to grant them a loan modification.

The motion will be granted to the extent the claims are seeking the imposition of a loan modification on the defendants. The plaintiffs have asked the defendants to approve a short sale of the property as to which they were seeking a loan modification with the defendants. The defendants have represented to this court that they have approved the short sale of the property. Obtaining approval of a short sale by the plaintiffs is inconsistent with any loan modification. Seeking a loan modification indicates an intent to remain on the property, whereas seeking the approval of a short sale reflects an intent to sell the property. Thus, all claims will be dismissed to the extent the plaintiffs are seeking the imposition of a loan modification.

Further, claim one – a disguised HAMP violation claim – will be dismissed in its entirety without leave to amend because the plaintiffs do not have a private right of action under HAMP. Manabat v. Sierra Pac. Mortgage Co., Case No. CV F 10–1018 LJO JLT, 2010 WL 2574161, at *11 (E.D. Cal. June 25, 2010). Although claim one is formulated as a request for relief, it asks for a declaration that the defendants

violated HAMP.

As to the remaining aspect of claims two through six, the motion will be denied. The motion has introduced matters outside the complaint, namely, allegations in a supporting declaration that the plaintiffs did not satisfy the loan modification requirements imposed on them. Claims two through six hinge on whether the plaintiffs satisfied all loan modification requirements.

For instance, claim five – breach of the implied covenant of good faith and fair dealing – presumes the existence of a contract, implying that the plaintiffs satisfied the loan modification requirements.

A covenant of good faith and fair dealing exists in every contract, requiring each party to act in good faith and fair dealing in its performance not to deny the opposing party the benefit of the bargain. Zendejas v. GMAC Wholesale Mortg. Corp., Case No. 1:10–CV–00184 OWW GSA, 2010 WL 2490975, at *7 (E.D. Cal. June 16, 2010) (citing to Carma Developers, Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 371 (1992)). "A prerequisite for any . . . [sic] action for breach of this covenant is the existence of a contractual relationship between the parties, because the covenant is an implied term in the contract." Zendejas at *7 (citing to Smith v. San Francisco, 225 Cal. App. 3d 38, 49 (1990)).

Additionally, while claim six – violations of Cal. Bus. & Prof. Code §§ 17200, et seq. – implicates the asserted HAMP violations by the defendants, claim six is much broader than just an unlawful business practice. Unfair competition is defined to include "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Thus, the practice in question does not have to be unlawful. It may be unfair or fraudulent as well.

The plaintiffs' assertions that the defendants were involved in unfair or fraudulent business practices necessarily implicates the plaintiffs' satisfaction of the loan modification requirements. If the plaintiffs did not satisfy all loan modification requirements, they would not be able to claim that the defendants' practices resulting in the denial of the loan modification were unfair or deceptive.

The complaint states that the plaintiffs met all loan modification requirements.

Hence, the court cannot resolve the motion on the merits of claims two through six without considering matters outside the complaint, i.e., the defendants' evidence that the plaintiffs did not satisfy all modification requirements.

However, as this adversary proceeding was filed only on November 3, 2013 and the parties have not had the opportunity to conduct discovery, the court will not convert this motion to a motion for summary judgment. Except as stated above, the motion will be denied with respect to claims two through six.

The motion will be granted in part and denied in part.